UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


RICHARD A. McBRAYER,

              Petitioner,

                                                CIVIL ACTION NO. 04-CV-73235-DT

v.                                         HONORABLE LAWRENCE P. ZATKOFF

HUGH WOLFENBARGER,

              Respondent.

_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY
JUDGMENT AND DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS**

**I.      Introduction**

      Richard A. McBrayer ("Petitioner"), a state prisoner currently confined at the Macomb

Correctional Facility in New Haven, Michigan, has filed a petition for writ of habeas corpus

pursuant to 28 U.S.C. § 2254 alleging that he is incarcerated in violation of his constitutional rights.

Hugh Wolfenbarger ("Respondent") is the warden at that facility.  This matter is before the Court

on Respondent's motion for summary judgment seeking dismissal of the habeas petition as untimely.

For the reasons set forth below, the Court grants Respondent's motion and dismisses the petition for

failure to comply with the one-year statute of limitations set forth at 28 U.S.C. § 2244(d).

**II.     Facts and Procedural History**

      Petitioner pleaded guilty to two counts of first-degree criminal sexual conduct in the

Macomb County Circuit Court in 1994 and was sentenced to concurrent terms of 20 to 40 years

imprisonment on those convictions.  Petitioner filed an appeal with the Michigan Court of Appeals

challenging his sentence, and the court affirmed his sentence. *People v. McBrayer*, No. 174683 (Mich. Ct. App. Aug. 22, 1995) (unpublished). Petitioner filed a delayed application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. McBrayer*, 451 Mich. 911, 550 N.W.2d 530 (May 31, 1996).

On February 6, 1997, Petitioner filed a motion for relief from judgment with the state trial court challenging his sentence and the effectiveness of trial and appellate counsel, which was denied. *People v. McBrayer*, 93-2894-FC (Macomb Co. Cir. Ct. May 29, 1997) (unpublished). Petitioner filed an application for leave to appeal with the Michigan Court of Appeals, which was denied. *People v. McBrayer*, No. 204288 (Mich. Ct. App. April 8, 1998) (unpublished). Petitioner did not seek leave to appeal this decision with the Michigan Supreme Court. *See* Affidavit of Michigan Supreme Court Clerk Corbin R. Davis.

Petitioner dated his petition for writ of habeas corpus August 16, 2004. In his pleadings, Petitioner alleges that his sentence is unconstitutional based upon *Blakely v. Washington*, 542 U.S. _, 124 S. Ct. 2531 (2004). Respondent filed the instant motion for summary judgment on March 2, 2005 asserting that the petition fails to comply with the one-year statute of limitations applicable to federal habeas actions. Petitioner filed a response to the motion and supplemental authority on March 12 and 28, 2005, asserting that his petition is timely because his claims are based upon a new rule of constitutional law.

## III.   Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq*., became effective on April 24, 1996. The AEDPA governs the filing date for this action because Petitioner filed his petition after the AEDPA's effective date. *Lindh v. Murphy*,

2

521 U.S. 320, 336 (1997).  The AEDPA amended 28 U.S.C. § 2244 to include a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments.  The revised statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Petitioner's convictions became final after the AEDPA's April 24, 1996 effective date. Petitioner completed his direct appeals on May 31, 1996.  He then had 90 days in which to seek a writ of certiorari with the United States Supreme Court.  *See* Rule 13(1), Supreme Court Rules. With regard to the statute of limitations, therefore, his convictions became final on August 29, 1996. Petitioner was thus required to file his federal habeas petition on or before August 29, 1997, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

3

Petitioner filed his state court motion for relief from judgment on February 6, 1997. At that point, 162 days of the one-year period had expired. The one-year period was then tolled while his motion for relief from judgment was pending in the state courts. When the Michigan Court of Appeals denied leave to appeal on April 8, 1998, Petitioner had 56 days in which to seek leave to appeal with the Michigan Supreme Court. *See* MICH. CT. R. 7.302(C)(3). He did not do so. The one-year period was thus tolled until June 3, 1998. It then resumed running and expired 203 days later on December 23, 1998. Petitioner did not sign the instant petition until August 16, 2004. Thus, the one-year limitations period expired well before Petitioner sought federal habeas review.

Petitioner does not allege that the state created an impediment to the filing of his habeas petition or that his claims are based upon newly-discovered facts. Rather, he asserts that the one-year statute of limitations did not accrue on his claims until the United States Supreme Court issued its decision in *Blakely v. Washington, supra,* on June 24, 2004. 28 U.S.C. § 2244(d)(1)(C) indicates that the one- year limitations period can run from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

A federal district court has the ability to determine whether a newly recognized right has been made retroactively applicable to cases on collateral review. *See Wiegand v. United States,* 380 F. 3d 890, 892-93 (6th Cir. 2004); *Breese v. Maloney,* 322 F. Supp. 2d 109, 114 (D. Mass. 2004). The United States Supreme Court has strongly suggested that *Blakely* and related decisions do not apply retroactively on collateral review. *See Schriro v. Summerlin*, _ U.S. _, 124 S. Ct. 2519, 2526 (2004) (holding that *Ring v. Arizona*, 536 U.S. 584 (2002), which extended application of *Apprendi* to facts increasing a defendant's sentence from life imprisonment to death, does not apply

4

retroactively to cases on collateral review). Several federal courts have since held that *Blakely* has not been made retroactively applicable by the United States Supreme Court to cases on collateral review. *See, e.g., United States v. Leonard*, 120 Fed. Appx. 759, 761 (10th Cir. Jan. 24, 2005) (unpublished); *Carmona v. United States*, 390 F.3d 200, 2002-03 (2nd Cir. 2004); *Simpson v. United States,* 376 F.3d 679, 681-82 (7th Cir. 2004); *In Re Dean,* 375 F.3d 1287, 1290 (11th Cir. 2004); *Kaua v. Frank,* 350 F. Supp. 2d 848, 861 (D. Hawaii 2004). The United States Court of Appeals for the Sixth Circuit has indicated that it is "unlikely" that the Supreme Court's *Blakely* decision is retroactive to cases on collateral review. *See Spiridigliozzi v. United States,* 117 Fed. Appx. 385, 394 (6th Cir. Nov. 15, 2004) (unpublished).

In this case, Petitioner cannot avail himself of Section 2244(d)(1)(C) to delay the commencement of the one-year limitations period because the Supreme Court did not indicate in *Blakely* that its decision was retroactive to cases on collateral review. *See United States v. Trigger,* 325 F. Supp. 2d 860, 864 (N.D. Ill. 2004) (denying a similar argument in a motion to vacate sentence brought pursuant to § 2255). Because *Blakely* has not been made retroactive by the Supreme Court to cases on collateral review, § 2244(d)(1)(C) is inapplicable in this case. Petitioner's habeas action is therefore barred by the statute of limitations set forth at 28 U.S.C. § 2244(d).

The Sixth Circuit has determined that the one-year limitations period is not a jurisdictional bar and is subject to equitable tolling. In *Dunlap v. United States*, 250 F.3d 1001, 1008-09 (6th Cir. 2001), the Sixth Circuit ruled that the test to determine whether equitable tolling of the habeas limitations period is appropriate is the five-part test set forth in *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988). The five parts of this test are:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's

5

rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap*, 250 F.3d at 1008.  A petitioner has the burden of demonstrating that he is entitled to equitable tolling.  *See Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).  "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control."  *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)).  Petitioner has made no such showing.  The fact that he is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling.  *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (ignorance of the law does not justify tolling); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of professional legal assistance does not justify tolling); *Sperling v. White*, 30 F. Supp. 2d 1246, 1254 (C.D. Cal. 1998) (citing cases establishing that ignorance of the law, illiteracy, and lack of legal assistance do not justify tolling).

The Sixth Circuit has recently held that a credible claim of actual innocence may equitably toll the one-year statute of limitations set forth at 28 U.S.C. § 2244(d)(1).  *See Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005).  As explained in *Souter*, to support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him."  *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)).  A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence--that was not presented at trial."  *Schlup*, 513 U.S. at 324.  Furthermore, actual

6

innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. Petitioner has again made no such showing. He has thus failed to demonstrate that he is entitled to equitable tolling of the one-year period.

**IV.    Conclusion**

Based on the foregoing analysis, the Court concludes that Petitioner failed to file his habeas petition within the one-year limitations period established by 28 U.S.C. § 2244(d) and that the statute of limitations precludes federal review of the petition.

Accordingly,

**IT IS ORDERED** that Respondent's motion for summary judgment is **GRANTED** and that the petition for writ of habeas corpus is **DISMISSED WITH PREJUDICE**.


s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  May 9, 2005

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on May 9, 2005.


s/Marie E. Verlinde
Case Manager
(810) 984-3290

7