UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD A. MCBRAYER,

      Petitioner,

V.

HUGH WOLFENBARGER, Warden,

      Respondent.      /

Case No. 04-CV-73235-DT
Hon. Lawrence P. Zatkoff

BRENDA E. TURNER (P24705)
Assistant Attorney General
Attorney for Respondent
Criminal Appellate Division
P.O. Box 30217
Lansing, MI 48909
Tel: (517) 373-4875

RICHARD A. MCBRAYER
Petitioner In Pro Per
Inmate No: 235965
Macomb Correctional Facility
34625 26 Mile Road
New Haven, MI 48048


FILED
OCT 27 2005
CLERK'S OFFICE
DETROIT

### PETITIONER'S AMENDED MOTION FOR CERTIFICATE OF PROBABLE CAUSE

NOW COMES petitioner, RICHARD A. MCBRAYER, In Pro Per, and pursuant to 28 USC §2253, et seq., respectfully moves this Honorable Court to grant a Certificate of Probable Cause, and says as follows:

1. On October 18, 2005, your petitioner mailed a Motion to Reopen the Time for Appeal, Motion to Proceed in Forma Pauperis, Motion for Certificate of Probable Cause and Notice of Appeal for filing and consideration by this Honorable Court.

2. The motion to reopen the time for appeal is based on the fact that your petitioner never received a copy of the Court's



May 2005 opinion, order and judgment in favor of respondent and dismissing his Application for Writ of Habeas Corpus.

3. In his initial Motion for Certificate of Probable Cause, petitioner ask to reserve his right to file an Amend Motion for Ceritificate of Probable Cause to possibly include other issues for appeal after he received, and is afforded time to read this Court May 2005 opinion and order.

4. That on the same day he mailed his aforesaid motions and notice of appeal (October 18, 2005), your petitioner received a copy of the opinion, order and judgment from this Court and now submits this Amended Motion for Certificate of Probable Cause.

A. Applicable Standard.

5. The standard to obtain a certificate of probable cause from a district court denial of a state habeas corpus petition is set forth in 28 USC §2253(c)(A)(2). The standard requires a petitioner to make a "substantial showing" of the denial of a constitutional right. Miller-El v. Cockrell, 537 U.S. 322, 336; 123 S. Ct. 1029 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Barefoot v. Estelle, 463 U.S. 880; 103 S. Ct. 3383 (1983). In Slack v. McDaniel, supra, the Supreme Court explained that a certificate should issue if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right. "When the district court denies relief on procedural grounds ..., a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district

-2-

court was correct in its procedural ruling." Id. It is important to note the standard for a certificate of appealability does not require your petitioner to show that he will succeed on the merits. In Miller-El v. Cockrell, supra, the Supreme Court held that the Fifth Circuit had applied too stringent a standard in denying a petitioner's certificate of appealability on his claim that the prosecutor had committed Baston error during jury selection. The Court stressed that the petitioner need not show that he is likely to succeed on appeal or even that any reasonable judge would after hearing the appeal, rule in his favor. Instead, the Court reiterated the standard from Slack v. McDaniel, that the petitioner need merely show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."

6. In this case, petitioner asserts that reasonable jurists would find debatable both the district court's ruling on the procedural issue and the underlying constitutional claims based on the following:

B. Grounds for Appeal.

7. The district court's May 9th, 2005, opinion and order contains a complete and correct overview of the appellate history in this case (Op., p. 1-2). As spelled out within district court's own procedural findings, other than prior state court appellate proceedings, this is your petitioner's first habeas corpus application before the federal courts. Yet the district court applied the more restrictive (AEDPA) standard for habeas review contained in 28 USC 2244(d)(1), which is only applicable for a second, or successive habeas corpus petition (See Op., p. 2-5).

-3-

In so doing, the district court hindered its own independent obligation under 28 USC 2244(d)(1)(C), to determine whether either of the two constitutional requirements recognized in Blakely v. United States, 542 U.S. ___; 124 S.Ct. 2531 (2004), must be applied retroactively to cases on collateral review pursuant to the second exception set forth by the Supreme Court in Teague v. Lane, 489 U.S. 288, 311; 109 S. Ct. 1060 (1989).

8. The district court's application of the wrong standard in this case was critical. Under the alternate time-period contained in 28 USC 2244(b)(1)(C), the district court has the ability and obligation to make the retroactivity decision whereas under section 2244(d)(1), it cannot decide that issue unless the Supreme Court itself has declared a decision retroactive. Dodd v. United States, 365 F.3d 1273, 1278 (11th Cir. 2004); Breese v. Maloney, 322 F. Supp.2d 109, 114 (D. Mass. 2004). Cf., Williams v. Taylor, 529 U.S. 362; 120 S. Ct. 1495, 1506-07 (2000)(recognizing that Congress codified the Teague requirements for retroactivity when it enacted the "AEPDA" and the lower federal courts obligation to make the decision on retroactivity where sufficient prior precedent exists to make the call).

9. In this case, the district court was unable to cite any affirmative decision from the United States Supreme Court or from the Sixth Circuit Court of Appeals which has conclusively held Blakely and its progeny perspective. Indeed, the Sixth Circuit has hinted in an unpublished opinion that Blakely's Sixth Amendment right to jury is "unlikely" retroactive, (Op., p., 5, citing Spiridigliozzi v. United States, 117 Fed. Appx. 385, 394 (2004));

however, in <u>Spiridigliozzi</u> the Court of Appeals applied <u>Blakely</u> in a retroactive manner anyways. Further, no court has yet ruled whether Blakely's Fourteenth Amendment requirement of proof beyond a reasonable doubt standard falls within the second exception of <u>Teague</u> for retroactive application.

10. Clearly, under 28 USC 2244(d)(1)(A), the district court has the ability and judicial duty to decide whether either of Blakely's <u>two</u> consitutional requirements (i.e., the Sixth Amendment right to jury and/or Fourteenth Amendment right to proof beyond a reasonable doubt standard), mandate retroactive application and warrant relief in the instant case.

11. Thus, the question of whether the district court applied the wrong standard and hindered its own ability to make its own independent decision under 28 USC 2244(d)(1)(C), and resulting failure to reach the merits of the issues presented is, in petitioner's legal view, worthy of appellate review and meets the level that "reasonable jurists would find the district's court's ruling on the procedural issue and ultimate failure to reach the merits of the underlying constitutional claims debatable or wrong.

12. In addition, had the district court not applied the wrong standard and conducted its review under 28 USC 2244(d)(1)(C), it is reasonably feasible that the district court would decide that either one or both of Blakely's constitutional tenets must be applied retroactively to the instant case pursuant to the second exception set forth in <u>Teague</u> v. <u>Lane</u>, <u>supra</u>, (and when applied to the facts of this case), warrant habeas corpus relief.

13. The decision in <u>Blakely</u> concerns two major tenets implicit

-5-

in the concept of ordered liberty. First, the requirement of proof beyond a reasonable doubt safeguards against dubious and unjust forfeitures of life, liberty and property. Id., 397 U.S. at 362. The Sixth Amendment right "to have the jury decide guilt or innocence reposes within that body the 'overriding responsibility' to stand between the accused and potentially arbitrary or abusive Government that is in command of the criminal sanction." United Brotherhood of Carpenters v. United States, 330 U.S. 395, 410; 67 S. Ct. 775 (1947). Individually or together, these two requirements represent the only safeguard that ensures the people's ultimate control in the judiciary. As Justice Scalla said in Blakely: "That right is no mere procedural formality, but a fundamental reservation of power in our constitutional structure. Just as suffrage ensures the people's ultimate control in the legislature and executive branches, jury trial is meant to ensure their control in the judiciary." (emphasis omitted).

14. In fact, the re Winship requirement of proof beyond a reasonable doubt has previously been defined as a bedrock rule of criminal procedure and given complete reroactive application by the Supreme Court in Ivan v. City of New York, 407 U.S. 203, 205; 92 S. Ct. 1951 (1972).

15. Thus, in light of Winship and Justice Scalla's findings that these constitutional requirements are "no mere procedural formality", definitely satisfies the "reasonable jurists" standard for a certificate of probable cause.

16. There is also a split of authority in the federal circuits concerning the ability of district court judges to decide questions

of retroactively under 28 USC 2244(d)(1)(C), when the Supreme Court itself has not pronounced a new decision retroactive. See <u>Dodd</u> v. <u>United States</u>, <u>supra</u>. This case offers an opportunity to decide the question for this circuit.

17. Finally, petitioner re-incorporates the allegations and grounds raised in his first Motion for Certificate of Probable Cause ¶¶ 1 thru 8 (as if they morefully appeared here), and hereby reverses the right to raise those allegations and grounds before the Federal Sixth Circuit Court of Appeals.

WHEREFORE, your petitioner respectfully requests this Court to Issue a Certificate of Appealability on the grounds raised in this motion and earlier motion.

Respectfully submitted,

*/s/ Richard A. McBrayer*
RICHARD A. MCBRAYER
Inmate No: 235965
Macomb Correctional Facility
34625 26 Mile Road
New Haven, MI 48048
In Pro Per Petitioner

Dated: October 25, 2005.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD A. MCBRAYER,

      Petitioner,

V.

HUGH WOLFENBARGER, Warden,

      Respondent.
_____/

Case No. 04-CV-73235-DT
Hon. Lawrence P. Zatkoff

BRENDA E. TURNER (P24705)
Assistant Attorney General
Attorney for Respondent
Criminal Appellate Division
P.O. Box 30217
Lansing, MI 48909
Tel: (517) 373-4875

FILED
OCT 27 2005
CLERK'S OFFICE
DETROIT

RICHARD A. MCBRAYER
Petitioner In Pro Per
Inmate No: 235965
Macomb Correctional Facility
34625 26 Mile Road
New Haven, MI 48048

## CERTIFICATE OF SERVICE

I, RICHARD A. MCBRAYER, hereby confirms that on this 25th day of October 2005, I served a copy of PETITIONER'S AMENDED MOTION FOR CERTIFICATE OF PROBABLE CAUSE and PROOF OF SERVICE upon the respondent's attorney, BRENDA E. TURNER (P24705), by placing said documents in an envelop with first class postage fully prepaid thereon, and depositing said envelop in the United States Mail through the prison legal mail system.

                                            _____
                                            Richard A. McBrayer
                                            Affiant