UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FILED
NOV 15 2005
CLERK'S OFFICE
DETROIT

RICHARD A. McBRAYER,

    Petitioner,

v.

CIVIL ACTION NO. 04-CV-73235-DT
HONORABLE LAWRENCE P. ZATKOFF

HUGH WOLFENBARGER,

    Respondent.
_____/

### ORDER GRANTING PETITIONER'S MOTION TO REOPEN TIME FOR APPEAL, BUT DENYING A CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS

Petitioner has filed a motion to reopen the time for appeal, a motion and amended motion for a certificate of probable cause (deemed motions for certificate of appealability), and a motion for leave to proceed *in forma pauperis* on appeal concerning this Court's dismissal of his petition for a writ of habeas corpus under 28 U.S.C. § 2254 on statute of limitations grounds.

As an initial matter, Petitioner seeks to reopen the time for seeking an appeal pursuant to Federal Rule of Appellate Procedure 4(6)(B) because he did not learn of the Court's May, 2005 decision dismissing his petition until he requested a copy of the docket sheet from the Court in September, 2005 and he did not receive a copy of the decision until October 18, 2005. Under Federal Rule of Appellate Procedure 4(6)(B), a district court may reopen the time for filing an appeal upon a finding that the moving party did not receive timely notice of the entry of judgment and that no party would be prejudiced. *See* Fed. R. App. P. 4(6). Having reviewed the pleadings, the Court finds that the time for appeal should be reopened. Accordingly, the Court shall consider

1

Petitioner's requests for a certificate of appealability and for leave to proceed on appeal *in forma pauperis*.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). The Court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37.

When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack*, 529 U.S. at 484-85. When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude

2

either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal is warranted. *Id.*

This Court concluded that Petitioner's claims are barred by the one-year statute of limitations applicable to federal habeas actions. *See* 28 U.S.C. § 2244(d). Petitioner asserts that the one-year statute of limitations did not accrue on his claims until the United States Supreme Court issued its decision in *Blakely v. Washington, supra*, on June 24, 2004. As explained in this Court's prior opinion, however, Petitioner cannot avail himself of Section 2244(d)(1)(C) to delay the commencement of the one-year limitations period because the Supreme Court did not indicate in *Blakely* that its decision was retroactive to cases on collateral review. Because *Blakely* has not been made retroactive to cases on collateral review, § 2244(d)(1)(C) is inapplicable in this case. Petitioner has also not established that the one-year period should be equitably tolled. *See Dunlap v. United States*, 250 F.3d 1001, 1008-09 (6th Cir. 2001); *see also Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005). The Court thus concludes that Petitioner has not shown that reasonable jurists would find this Court's dismissal of his habeas petition on statute of limitations grounds debatable.

Accordingly, the Court **GRANTS** Petitioner's motion to reopen the time for appeal, but **DENIES** his motion and amended motion for a certificate of probable cause (deemed requests for a certificate of appealability). Given this determination, the Court also **DENIES** leave to proceed on appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a).

**IT IS SO ORDERED.**

s/Lawrence P. Zatkoff
**LAWRENCE P. ZATKOFF**

3

UNITED STATES DISTRICT JUDGE

Dated: November 15, 2005

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on November 15, 2005.

s/Marie E. Verlinde
Case Manager
(810) 984-3290